UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JIMMY LEE DAVIS, | No. C 13-823 MEJ |
| Plaintiff, | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

On February 22, 2013, Plaintiff Jimmy Lee Davis filed the above-captioned matter seeking judicial review of the Commissioner's decision to terminate his disability benefits in 2004. Dkt. No. 1. In response, Defendant Carolyn W. Colvin filed a Motion to Dismiss on June 17, 2013, arguing that Plaintiff has not received a final decision from the Commissioner for purposes of judicial review and has therefore failed to exhaust his administrative remedies. Dkt. No. 14. As Plaintiff failed to file an opposition or otherwise respond to Defendant's Motion, the Court ordered Plaintiff to show cause by August 12, 2013, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 16. The Court provided notice to Plaintiff that it may dismiss the case if he failed to respond by August 12. As of the date of this Order, Plaintiff has not responded to either Defendant's Motion or the Order to Show Cause. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**ANALYSIS**

Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has delayed adjudication of the claims in this case by failing to respond to the pending Motion and to this Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of

2

prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff has failed to respond to the Court's Order to Show Cause and has not otherwise offered an explanation for the failure to timely file an opposition or requested an extension of the filing deadline. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor normally weighs strongly against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to respond to Defendant's Motion. As Plaintiff failed to respond, ordering Plaintiff to file an opposition is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Thus, the Court finds that the fifth factor also weighs in favor of dismissal.

**CONCLUSION**

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to file an opposition or respond to an order to show cause. Thus, Plaintiff has failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendant, but dismissing the case without prejudice will preserve Plaintiff's ability to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *See Faulkner v. ADT Security Servs., Inc.*, 2013 WL 174368, at *4 (9th Cir. Jan. 17, 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice). Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 14, 2013

_____
Maria-Elena James
United States Magistrate Judge